[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR PROTECTIVE ORDER #133 CT Page 15633
The Plaintiff's decedent, Carla Palomba, (hereinafter Plaintiff) a passenger in an automobile, died as result of injuries sustained in accident when the automobile she was riding in collided with another automobile. The instant action was instituted against both the drivers and the owners of the vehicles involved in the accident. This motion for protective order follows a deposition of Candace Palomba, a non-party who is the sister of the Plaintiff.
At the deposition, Candice Palomba was asked by counsel for one of the Defendants about conversations at a meeting attended by herself, attorney Bruce Diamond, her mother Judith Palomba and her sister Crystal Palomba. The meeting was held prior to the commencement of this action. Mr. Diamond represents that he acted as legal counsel for the entire Palomba family, including Candice Palomba, during the meeting. Candice Palomba has invoked the attorney-client privilege in refusing to answer questions, at the deposition, as to whether attorney Diamond had given her any information about the accident during the meeting.
The attorney-client privilege protects communications between client and attorney when made in confidence for the purpose of seeking or giving legal advice." Ullmann v. State, 230 Conn. 698,711, 647 A.2d 324 (1994). "Whether a communication is privileged is a question of law for the trial court. Miller v. Anderson,30 Conn. Sup. 501, 505, 294 A.2d 344 (App.Div. 1972). "[An] . . . initial consultation between the defendant and his trial counsel . . . [may fall] within the scope of the privileged communication. The client may not be required to divulge theadvice which his attorney[1] gave him." (Emphasis added.) (Id., 505.)
"When two or more people consult an attorney together on a matter of joint interest, these competing considerations are normally resolved by allowing their communications to be privileged as to the outside world, though not as to each other in a later controversy between themselves." State v. Cascone,195 Conn. 183, 186-87, 487 A.2d 186 (1985).
". . . [A] direct communication from a client to his attorney either made in or sent to the attorney's office; in such a case, relatively little factual foundation would ordinarily be required to establish the privilege and, so, the inadmissibility of any CT Page 15634 question concerning the subject matter of the communication."State v. Hanna, 150 Conn. 457, 467, 191 A.2d 124 (1963). "[E]ven if [an attorney] never communicated specific legal opinions . . . that fact would not change the nature of the attorney-client relationship . . . It is not the rendering of legal advice that establishes the attorney-client relationship. If that were the case, the initial communications between the client and attorney, those that are often the most sensitive and most in need of confidentiality, would be unprotected. Rather it is the client's seeking of legal advice . . . that establishes the relationship . . ." Shew v. Freedom of Information Comm., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 539639, 15 CONN. L. RPTR. 309 (September 19, 1995) (Maloney, J.), affirmed on other grounds, 245 Conn. 149, (1998).
Connecticut's courts have addressed similar factual circumstances as the one presented in the instant case in terms of the presence of a third party during an attorney-client conversation. In Grodovich v. Immediate Medical Care, CTR, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 515617, 12 CONN. L. RPTR. 234 (August 4, 1994) (Wagner, J.), the court addressed an issue wherein "the plaintiff now moves to compel [the defendant] to disclose matters he discussed with his insurance representative in the presence of his attorney, the defendants objecting to that motion on the basis of attorney-client privileges." (Id.) The court held that "[i]n the present case, the expectation of privacy continues . . . The legal and economic interests of the defendants and the insurance company are so thoroughly intertwined, that the mere presence of the insurance agent does not cause the privilege to be waived, but the privilege continues to protect the confidentiality of the communications."
In this case, the members of the Palomba family sought legal advice from Attorney Diamond concerning the death of their sister, the Plaintiff in this action. Those communications are privileged and therefore the court will grant the Plaintiff's motion for protective order.
Pellegrino, J.